IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW ONTARIA TABB, X0356986, Plaintiff, v. THOMAS E. BROWN, Defendant. | : : : : : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983  CIVIL ACTION NO. 1:12-CV-2833-TWT-ECS |

**FINAL REPORT AND RECOMMENDATION**

While incarcerated in the DeKalb County Jail, Andrew Ontaria Tabb filed a civil rights complaint and requested permission to proceed in forma pauperis ("IFP"). [Doc. Nos. 1, 2]. The undersigned granted Tabb permission to proceed IFP. [Doc. No. 3]. This matter is now before the Court for screening of Tabb's complaint pursuant to 28 U.S.C. § 1915A.

Tabb complained that DeKalb County Sheriff Thomas Brown had adopted a "mail procedure" so "extreme" that "even timely receipt and deliverance of legal tender is practically non-exist[e]nt" and "personal, medical, and legal information [is exposed] for anyone to read." [Doc. No. 1 at 3]. Tabb did not request damages, but rather that "the Court upon finding fault in this procedure require that Sheriff Thomas E. Brown immediately adopt a mail procedure that will not limit correspondence on business days, one that will not expose inmates['] legal, medical, and personal information . . . for all to see." [Id. at 4].

"The general rule in [the Eleventh Circuit] is that a transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (citing cases), abrogated on other grounds by Sossamon v. Texas, 131 S. Ct. 1651 (2011). The DeKalb County Jail's website indicates that Tabb has been released from custody. See http://inmatelookup.co.dekalb.ga.us:8081/inmatelookup (last viewed May 2, 2013; searched for "Tabb, Andrew" with "[i]nclude released inmates" box checked).[1] In light of Tabb's release from the DeKalb County Jail, his requests for declaratory and injunctive relief with respect to that jail's "mail procedure" are now moot.

The undersigned **RECOMMENDS** that this case be **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED,** this 8th day of May, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III

---

[1] The Court may take judicial notice of publicly available information about jail inmates on goverment websites. See, e.g., United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of inmate information on the Federal Bureau of Prisons' website); Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009) (same).

2

UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW ONTARIA TABB, X0356986, | : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:12-CV-2833-TWT-ECS |
| THOMAS E. BROWN, | : | |
| Defendant. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 8th day of May, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE